CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
AUG 0 8 2012
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| WILLIAM LEE ANDERSON, II, | ) | Civil Action No. 7:12-cv-00323 |
|     Petitioner, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | By: Samuel G. Wilson |
| DIRECTOR, VDOC, | ) | United States District Judge |
|     Respondent. | ) | |

Petitioner William Lee Anderson, II, a Virginia inmate proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2009 conviction and sentence in the Washington County Circuit Court. The court finds that Anderson's petition is untimely filed and that he has not demonstrated any grounds for equitable tolling. Therefore, the court dismisses his petition.

## I.

On December 18, 2009, the Washington County Circuit Court entered judgment against Anderson, convicting him of bank robbery and obstruction of justice. Anderson did not appeal. Anderson filed a habeas petition in the Washington County Circuit Court on May 2, 2011, which the court denied on October 20, 2011. Anderson appealed to the Supreme Court of Virginia, which dismissed his appeal on March 5, 2012. Anderson filed his federal habeas petition on May 30, 2012. The court conditionally filed his petition, advised him that the petition appeared to be untimely, and gave him an opportunity to respond to the court regarding the timeliness of his petition.

## II.

A one-year statute of limitations applies when a person in custody pursuant to the judgment of a state court files a federal petition for a writ of habeas corpus. 28 U.S.C. § 2244(d).[1] In this case, the statute of limitations began to run on January 18, 2010, when

---

[1] Under 28 U.S.C. §2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ["AEDPA"] on April 24, 1996, a federal petition for writ of habeas corpus must be brought within one year from the latest of the following:

Anderson's conviction became final. Anderson did not meet this January 18, 2011 deadline; in fact, by that date, Anderson had yet to file his state habeas petition.[2] Accordingly, Anderson's petition is barred unless he demonstrates grounds for equitable tolling of the one-year statute of limitations.[3]

Despite being given the opportunity to amend his petition, Anderson makes no argument to support equitable tolling of the statute of limitations. Accordingly, the court finds that Anderson has not demonstrated any grounds for equitable tolling and thus, his petition is dismissed as untimely filed.

### III.

For the reasons stated, the court dismisses Anderson's petition as untimely.

**ENTER**: This _C/M_ day of August, 2012.

_____
United States District Judge

---

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A - D). Here, Anderson has alleged nothing to support the application of § 2244(d)(1)(B - D). Under § 2244(d)(1)(A), Anderson's conviction became final on October 18, 2010, when his time to file a direct appeal expired.

[2] Anderson's one-year clock had already run by the time he filed his state habeas petition; therefore, his state petition afforded Anderson no tolling under § 2244(d)(2).

[3] A petitioner must demonstrate either the timeliness of his petition pursuant to § 2244(d) or that the principle of equitable tolling applies in his case. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000). Otherwise, an untimely petition must be dismissed by a federal district court. 28 U.S.C. § 2244(d)(1)(A)-(D).